United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Francisco Mendieta, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23439-Civ-Scola |
| | ) |
| Holiday CVS, LLC, Defendant. | ) |

**Order Striking State Court Complaint**

    This matter is before the Court on an independent review of the record. This negligence action arises from injuries allegedly sustained by Plaintiff Juan Francisco Mendieta when he slipped and fell in a CVS store owned by the Defendant. (State Ct. Compl., ECF No. 1-2.) The Plaintiff initially filed this action in Florida state court, and the Defendant removed the case. (Not. of Removal, ECF No. 1.)

    As a preliminary matter, the Court is satisfied that the Defendant has met its burden of proving by a preponderance of the evidence that the case meets the requirements for federal subject matter jurisdiction. *See* 28 U.S.C. §§ 1332, 1446(c); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010). With respect to diversity of citizenship, the Defendant has provided evidence that the sole member of Holiday CVS, LLC is CVS Pharmacy, Inc., a Rhode Island Corporation (Def. Annual Report, ECF No. 1-4.), and the Plaintiff stated in the state court complaint that he is a Florida citizen. (ECF No. 1-2 ¶ 2.) With respect to the amount in controversy, the state court complaint seeks only damages in excess of $50,000, but also alleges "bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, activation of a latent condition and/or aggravation of [sic] previously existing condition." (*Id.* ¶¶ 11, 17.) "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. *Roe*, 613 F.3d at 1061-62 (citation omitted). Given the minimum amount pleaded by the Plaintiff and the nature of the injuries alleged in the complaint, the Court finds that the amount in controversy more than likely exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 88 (2014). The Court therefore has subject matter jurisdiction and the Defendant has properly removed the case to federal court.

Moving to complaint itself, the Plaintiff asserts two counts of negligence against the Defendant. (State Ct. Compl., ECF No. 1-2 ¶¶ 7-17.) Within each count of negligence—"premises liability" and "negligence under the non-delegable duty doctrine"—Mendieta alleges sixteen ways in which the Defendant breached its duties to "maintain the premises in a reasonably safe condition, and to warn Plaintiff of [sic] dangerous condition on their premises." (*Id.* ¶¶ 8-16.) Many of these "breaches" raise distinct theories of liability, some of which do not appear to be based on duties that are even alleged or cognizable. (*E.g.*, Compl. at ¶ 9.g. ("Negligently failing to train and/or inadequately training its employees . . . .")) Others are redundant. (*Compare, e.g., id.* at ¶ 9.c. ("Negligently failing to inspect or adequately inspect the aisle . . . .") *with id.* at ¶ 9.d. ("Negligently failing to inspect . . . the dangers in the aisle . . . ."))

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

Mendieta attempts to fit multiple distinct theories of liability into both counts. (Compl. at ¶¶ 8-16.) Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon

Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)).

Accordingly, the Court **strikes** the complaint, (**ECF No. 1-2**), as a shotgun pleading. Mendieta may file an amended complaint by **October 13, 2023**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Furthermore, Mendieta is admonished not to include redundant claims or counts in his amended pleading.

Mendieta is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

In light of the above, the Defendant's motion to dismiss the Plaintiff's complaint is **denied without prejudice** (**ECF No. 5**).

**Done and ordered** in Miami, Florida on October 4, 2023.

Robert N. Scola, Jr.
United States District Judge